# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

## CLERK'S CERTIFICATE AND APPEALS COVER SHEET

## ABBREVIATED ELECTRONIC RECORD

Case Caption:                    Pavlovich v. Palmer

District Court Number:           25cv10263-NMG

Fee:     Paid?   Yes __X__   No _____   Government filer _____   *In Forma Pauperis* Yes _____   No _____

| | | | |
|---|---|---|---|
| Motions Pending | Yes _____ No __X__ | Sealed documents | Yes _____ No __X__ |
| *If yes, document #* _____ | | *If yes, document #* _____ | |
| *Ex parte* documents | Yes _____ No __X__ | Transcripts | Yes _____ No __X__ |
| *If yes, document #* _____ | | *If yes, document #* _____ | |

Notice of Appeal filed by: Plaintiff/Petitioner __X__   Defendant/Respondent _____   Other: _____

Appeal from:

## #32 Memorandum and Order, #33 Order of Dismissal

Other information:

I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

## #32, #33, and #34

with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal # __34__ filed on __February 11, 2026__.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on __February 12, 2026__.

**ROBERT M. FARRELL**
Clerk of Court


/s/Matthew A. Paine
Deputy Clerk


COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

**PLEASE RETURN TO THE USDC CLERK'S OFFICE**

APPEAL

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:25−cv−10263−NMG

Pavlovich v. Palmer
Assigned to: Judge Nathaniel M. Gorton
Cause: 28:1331 Fed. Question

Date Filed: 02/03/2025
Date Terminated: 02/06/2026
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Scarlett Pavlovich**                    represented by   **Michael Nimmo**
Wahlberg, Woodruff, Nimmo & Sloane, LLP
4601 DTC Boulevard, Ste. 950
Denver, CO 80237
303−571−1806
Email: mnimmo@wagstafflawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mitchell J. Matorin**
Matorin Law Office LLC
Suite 5
18 Grove Street
Wellesley, MA 02482
781−453−0100
Fax: 888−628−6746
Email: mmatorin@matorinlawoffice.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Amanda Palmer**                    represented by   **Daniel N. Marx**
Fick & Marx LLP
24 Federal Street, 4th Flr.
Boston, MA 02110
857−321−8360
Email: dmarx@fickmarx.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William W. Fick**
Fick & Marx LLP
24 Federal Street, 4th Flr.
Boston, MA 02110
857−321−8360
Email: wfick@fickmarx.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 02/03/2025 | 1 | COMPLAINT against All Defendants Filing fee: $ 405, receipt number AMADC−10820253 (Fee Status: Filing Fee paid), filed by Scarlett Pavlovich. (Attachments: # 1 Civil Cover Sheet, # 2 Civil Category Sheet)(Matorin, Mitchell) |

| | | (Entered: 02/03/2025) |
|---|---|---|
| 02/03/2025 | 2 | DEMAND for Trial by Jury by Scarlett Pavlovich. (Matorin, Mitchell) (Entered: 02/03/2025) |
| 02/04/2025 | 3 | ELECTRONIC NOTICE of Case Assignment. Judge Nathaniel M. Gorton assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Donald L. Cabell. (SEC) (Entered: 02/04/2025) |
| 02/04/2025 | 4 | Summons Issued as to Amanda Palmer. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (JAM) (Entered: 02/04/2025) |
| 03/13/2025 | 5 | NOTICE of Appearance by William W. Fick on behalf of Amanda Palmer (Fick, William) (Entered: 03/13/2025) |
| 03/13/2025 | 6 | NOTICE of Appearance by Daniel N. Marx on behalf of Amanda Palmer (Marx, Daniel) (Entered: 03/13/2025) |
| 03/18/2025 | 7 | Assented to MOTION for Extension of Time to April 21, 2025 to File Answer *or Other Responsive Pleading* by Amanda Palmer.(Fick, William) (Entered: 03/18/2025) |
| 03/19/2025 | 8 | Judge Nathaniel M. Gorton: ELECTRONIC ORDER entered **ALLOWING** 7 Motion for Extension of Time to Answer re 1 Complaint. Amanda Palmer answer due 4/21/2025. (NMC) (Entered: 03/19/2025) |
| 04/01/2025 | 9 | AFFIDAVIT OF SERVICE Executed by Scarlett Pavlovich. Amanda Palmer served on 2/27/2025, answer due 4/21/2025. Acknowledgement filed by Scarlett Pavlovich. (Matorin, Mitchell) (Entered: 04/01/2025) |
| 04/02/2025 | 10 | Assented to MOTION for Leave to Appear Pro Hac Vice for admission of Akiva Cohen, Lane Haygood, Thomas Neville, Dylan Schmeyer, and Michael Nimmo Filing fee: $ 625, receipt number AMADC−10929020 by Scarlett Pavlovich. (Attachments: # 1 Affidavit Declaration of Akiva Cohen in Support of PHV, # 2 Affidavit Declaration of Lane Haygood in Support of PHV, # 3 Affidavit Declaration of Thomas Neville in Support of PHV, # 4 Affidavit Declaration of Dylan Schmeyer in Support of PHV, # 5 Affidavit Declaration of Michael Nimmo in Support of PHV)(Matorin, Mitchell) (Entered: 04/02/2025) |
| 04/03/2025 | 11 | Judge Nathaniel M. Gorton: ELECTRONIC ORDER entered **ALLOWING** 10 Motion for Leave to Appear Pro Hac Vice Added Akiva Cohen, Lane Haygood, Thomas Neville, Dylan Schmeyer, and Michael Nimmo. <br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** <br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. <br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney. <br><br>(NMC) (Entered: 04/03/2025) |
| 04/21/2025 | 12 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Amanda Palmer.(Marx, Daniel) (Entered: 04/21/2025) |
| 04/21/2025 | 13 | MEMORANDUM in Support re 12 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Amanda Palmer. (Marx, Daniel) (Entered: 04/21/2025) |
| 04/21/2025 | 14 | MOTION to Dismiss *Counts 1 through 4 of Complaint because TVPA does not apply extraterritorially to alleged conduct in New Zealand* by Amanda Palmer.(Marx, |

| | | Daniel) (Entered: 04/21/2025) |
|---|---|---|
| 04/21/2025 | 15 | MEMORANDUM in Support re 14 MOTION to Dismiss *Counts 1 through 4 of Complaint because TVPA does not apply extraterritorially to alleged conduct in New Zealand* filed by Amanda Palmer. (Marx, Daniel) (Entered: 04/21/2025) |
| 04/21/2025 | 16 | MOTION to Dismiss *on basis of forum non conveniens* by Amanda Palmer.(Marx, Daniel) (Entered: 04/21/2025) |
| 04/21/2025 | 17 | MEMORANDUM in Support re 16 MOTION to Dismiss *on basis of forum non conveniens* filed by Amanda Palmer. (Attachments: # 1 Exhibit A)(Marx, Daniel) (Entered: 04/21/2025) |
| 04/30/2025 | 18 | MOTION for Extension of Time to June 4, 2025 to File *Oppositions to Three Motions to Dismiss* by Scarlett Pavlovich.(Matorin, Mitchell) (Entered: 04/30/2025) |
| 05/01/2025 | 19 | Judge Nathaniel M. Gorton: ELECTRONIC ORDER entered **ALLOWING** 18 MOTION for Extension of Time to June 4, 2025 to File *Oppositions to Three Motions to Dismiss*. Oppositions due by 6/4/2025. (NMC) (Entered: 05/01/2025) |
| 05/22/2025 | 20 | NOTICE of Appearance by Michael Nimmo on behalf of Scarlett Pavlovich (Nimmo, Michael) (Entered: 05/22/2025) |
| 06/04/2025 | 21 | MEMORANDUM in Opposition re 14 MOTION to Dismiss *Counts 1 through 4 of Complaint because TVPA does not apply extraterritorially to alleged conduct in New Zealand* filed by Scarlett Pavlovich. (Matorin, Mitchell) (Entered: 06/04/2025) |
| 06/04/2025 | 22 | MEMORANDUM in Opposition re 16 MOTION to Dismiss *on basis of forum non conveniens* filed by Scarlett Pavlovich. (Attachments: # 1 Affidavit Declaration of Dylan Schmeyer in Support of Opposition to Motion to Dismiss)(Matorin, Mitchell) (Entered: 06/04/2025) |
| 06/04/2025 | 23 | MEMORANDUM in Opposition re 12 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Scarlett Pavlovich. (Matorin, Mitchell) (Entered: 06/04/2025) |
| 06/25/2025 | 24 | MOTION for Leave to File *Replies in Support of Motions to Dismiss* by Amanda Palmer. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Marx, Daniel) (Entered: 06/25/2025) |
| 06/26/2025 | 25 | Judge Nathaniel M. Gorton: ELECTRONIC ORDER entered **ALLOWING** 24 Motion for Leave to File Document ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include − Leave to file granted on (date of order)− in the caption of the document. (NMC) (Entered: 06/26/2025) |
| 06/26/2025 | 26 | REPLY to Response to 12 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Amanda Palmer. (Marx, Daniel) (Entered: 06/26/2025) |
| 06/26/2025 | 27 | REPLY to Response to 14 MOTION to Dismiss *Counts 1 through 4 of Complaint because TVPA does not apply extraterritorially to alleged conduct in New Zealand* filed by Amanda Palmer. (Marx, Daniel) (Entered: 06/26/2025) |
| 06/26/2025 | 28 | REPLY to Response to 16 MOTION to Dismiss *on basis of forum non conveniens* filed by Amanda Palmer. (Attachments: # 1 Exhibit A)(Marx, Daniel) (Entered: 06/26/2025) |
| 10/03/2025 | 29 | Notice of Supplemental Authorities re 16 MOTION to Dismiss *on basis of forum non conveniens* (Attachments: # 1 Exhibit A)(Marx, Daniel) (Entered: 10/03/2025) |
| 12/11/2025 | 30 | Notice of Supplemental Authorities re 12 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Marx, Daniel) (Entered: 12/11/2025) |
| 12/26/2025 | 31 | Response by Scarlett Pavlovich to 30 Notice of Supplemental Authorities . (Matorin, Mitchell) (Entered: 12/26/2025) |
| 02/06/2026 | 32 | Judge Nathaniel M. Gorton: ORDER entered. MEMORANDUM AND ORDER. For the foregoing reasons, the motion to dismiss for forum non conveniens is |

| | | |
|---|---|---|
| | | **ALLOWED**.<br><br>**So Ordered.**<br><br>(NMC) (Entered: 02/09/2026) |
| 02/06/2026 | <u>33</u> | Judge Nathaniel M. Gorton: ORDER entered. ORDER DISMISSING CASE. (NMC) (Entered: 02/09/2026) |
| 02/11/2026 | <u>34</u> | NOTICE OF APPEAL as to <u>32</u> Memorandum & ORDER, <u>33</u> Order Dismissing Case by Scarlett Pavlovich. Filing fee: $ 605, receipt number AMADC−11544661 Fee Status: Not Exempt.<br><br>NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals.  **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf.** US District Court Clerk to deliver official record to Court of Appeals by 3/3/2026. (Haygood, Lane) (Entered: 02/11/2026) |

United States District Court
District of Massachusetts

```
                                    )
Scarlet Pavlovich,                  )
                                    )
          Plaintiff,                )
                                    )
          v.                        )        Civil Action No.
                                    )        25-10263-NMG
Amanda Palmer,                      )
                                    )
          Defendant.                )
                                    )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from claims of human trafficking and conspiracy brought by plaintiff, Scarlett Pavlovich ("plaintiff" or "Pavlovich"), against Amanda Palmer ("defendant" or "Palmer"), the former wife of her alleged abuser, Neil Gaiman ("Gaiman"). Defendant has moved to dismiss for <u>forum</u> <u>non</u> <u>conveniens</u>.[1] For the following reasons, the motion to dismiss will be allowed.

---

[1] Defendant also filed motions to dismiss for failure to state a claim and for inapplicable extraterritorial conduct under the Trafficking Victims Protection Act ("TVPA"). The Court declines to reach the merits of those motions.

1

## I. Facts

The Court accepts as true all well-pled factual allegations in the complaint.  Pavlovich is a citizen of New Zealand and resided therein during the relevant time period.  Palmer is a U.S. citizen who was lawfully domiciled in New Zealand during the relevant time period.  In 2020, the two met and became acquainted in Auckland, New Zealand.  At the time Pavlovich was twenty-two years old, financially insecure and had spent time unhoused.  She also had a history of mental health crises.

In February, 2022, Palmer offered to pay Pavlovich to babysit the child she shared with Gaiman, to whom she was married but from whom she was separated at the time.  The job required Pavlovich to spend time at the separate homes of both Palmer and Gaiman on Waiheke Island, which is accessible only by a 40-minute ferry ride from Auckland.  Pavlovich did not know nor have reason to know that Gaiman had previously been accused of sexually assaulting and/or raping numerous women.

On February 4, 2022, while Pavlovich was babysitting at Gaiman's residence, he sexually assaulted her.  During the incident Gaiman stated Palmer had told him that he could not "have [Pavlovich]," which made him feel "he had to have [her]." After the attack, Pavlovich returned to Palmer's residence and

2

babysat as planned for the remainder of the weekend.  She did
not mention the incident to Palmer.

Soon thereafter, Palmer offered Pavlovich a job as a live-
in nanny.  The job again required Pavlovich to spend time at
both residences.  Pavlovich accepted the offer after
encouragement and promises of payment and career assistance by
Palmer and Gaiman.  Gaiman repeatedly raped and/or sexually
assaulted Pavlovich during the time she worked as the live-in
nanny at both residences.  Neither Palmer nor Gaiman paid
Pavlovich for her services.  As a result, Pavlovich could not
afford food, transport off Waiheke Island or alternative
housing.

Weeks later, Pavlovich informed Palmer about Gaiman's
abuses.  Palmer allegedly was not surprised and told Pavlovich
that she was aware of more than a dozen other women who had been
subjected to similar sexual abuse by Gaiman.  Palmer never told
Pavlovich about Gaiman's other victims prior to that
conversation but offered to "take care" of Pavlovich, as she had
done for other victims, by providing her with temporary
accommodations in Auckland.

Pavlovich became suicidal while living in the temporary
accommodations and was subsequently hospitalized for psychiatric

treatment.  Upon her release from the hospital, Pavlovich was told she could no longer stay in the temporary accommodations but received a small amount of "rent money" from Gaiman after she signed an employment agreement backdated to February 4, 2022, the date of the first alleged rape.

Pavlovich filed a police report accusing Gaiman of sexual assault but the police took no action and she later moved to Scotland, where she currently resides and is enrolled at a university.  Palmer currently lives in Massachusetts while Gaiman lives in Wisconsin.

## II.  Procedural History

In early February, 2025, plaintiff filed a complaint and demand for jury trial in this Court. She asserts five claims against Palmer: 1) human trafficking in violation of 18 U.S.C. §§1591, 1595(a) (count I); 2) human trafficking in violation of 18 U.S.C. §1589 and civil conspiracy (count II); 3) human trafficking in violation of 18 U.S.C. §§1590(a), 1595(a) and civil conspiracy (count III); 4) conspiracy to commit trafficking in violation of 18 U.S.C. §§1594, 1595(a) (count IV), and 5) negligence against Palmer for introducing plaintiff to Gaiman and failing to warn her of the unreasonable danger he posed.

4

Defendant now moves to dismiss all claims for <u>forum non conveniens</u> pursuant to Fed. R. Civ. P. 12(b)(3).

**III. Legal Standard**

Forum non conveniens is a discretionary defense that empowers a district court to dismiss an action when a court abroad is the more appropriate and convenient forum. <u>Sysco Mach. Corp.</u> v. <u>Cymtek Sols., Inc.</u>, 124 F.4th 32, 37 (1st Ci<u>r. 2024</u>). Although plaintiff's chosen forum is entitled to deference, that presumption applies with less force when the plaintiff's choice is not her home forum. <u>Id.</u>

The moving party's burden is twofold; it must establish that (1) an adequate alternative forum is available and (2) considerations of convenience and judicial efficiency strongly favor litigating the claim in that alternative forum. <u>Adelson</u> v. <u>Hananel</u>, 510 F.3d 43, 52 (1st Cir. 2007).

**A. Adequate Forum**

An adequate forum must meet two requirements: (1) all parties are subject to that forum's jurisdiction, and (2) the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court. <u>Imamura</u> v. <u>Gen. Elec. Co.</u>, <u>957 F.3d 98</u>, 106 (1st Cir. 2020).

5

The first requirement (the forum's "availability") is
typically satisfied if the defendant is amenable to service of
process there. Id.  As to the second requirement (the forum's
"adequacy"), an alternative forum is adequate unless the remedy
it provides "is so clearly inadequate or unsatisfactory that it
is no remedy at all." Id.

### B. Convenience and Judicial Efficiency

The second and more complicated inquiry involves balancing
"the compendium of factors relevant to the private and public
interests implicated by the case" to determine whether defendant
has demonstrated that dismissal is appropriate.  Relevant
private interest factors include

> the relative ease of access to sources of proof;
> availability [and cost] of compulsory process for
> attendance of unwilling, and the cost of obtaining
> attendance of willing, witnesses . . . and all other
> practical problems that make trial of a case easy,
> expeditious[,] and inexpensive.

Id. at 107.  The relevant public interest factors include

> the administrative difficulties flowing from court
> congestion; the local interest in having localized
> controversies decided at home; the interest in having the
> trial of a diversity case in a forum that is at home with
> the law that must govern the action; the avoidance of
> unnecessary problems in conflict of laws, or in the
> application of foreign law; and the unfairness of burdening
> citizens in an unrelated forum with jury duty.

Id. (internal quotations omitted).

6

## IV.  Analysis

### A. Availability and Adequacy

It is undisputed that Palmer stipulated to service of process in New Zealand.  The Court need not undertake additional analysis on availability.

Plaintiff contests the adequacy of New Zealand as an alternative forum.  She argues that, because New Zealand has adopted a no-fault compensation scheme for victims of accidents and intentional torts outside of the court system ("the Accident Compensation Corporation" or "ACC"), New Zealand cannot be considered an adequate alternative forum.

The fact that plaintiff's claim in New Zealand would be handled outside of the judicial system does not necessarily mean New Zealand is an inadequate forum.  Indeed, courts have consistently found New Zealand (and many other countries with similar adjudicative remedies) to be adequate alternative forums notwithstanding the lack of formal court proceedings.  See, e.g., Lueck v. Sundstrand Corp., 236 F.3d 1137, 1144 (9th Cir. 2011); Imamura, 957 F.3d at 112.  The relevant inquiry is not whether litigation is available but whether the remedy offered "is so clearly inadequate or unsatisfactory that it is no remedy at

7

all." Imamura, 957 F.3d at 106.  That is plainly not the case here.

Although the ACC does not provide compensation to victims for purely emotional injuries, victims are afforded access to free mental health services to treat any emotional injury. Given that a compensatory damage award would presumably be used to pay for that kind of treatment, the Court finds such a remedy to be sufficient.

Plaintiff responds that she does not live in New Zealand and thus cannot access available services.  Yet the record before this Court indicates that she was receiving government-sponsored therapy until she voluntarily left New Zealand in 2024.  Thus, plaintiff has already received a remedy for her mental injuries.

The therapy provided by the ACC without cost is not the only remedy available to Pavlovich in New Zealand; she could also pursue exemplary damages for egregious conduct.  Plaintiff responds that "such damages do not provide compensation for the injuries Scarlet suffered."  Whether such exemplary damages are awarded specifically for her pain and suffering is irrelevant; their availability demonstrates that remedies beyond the ACC are available to her.

Although such remedies may be less comprehensive than those available in the United States, plaintiff is not without relief in New Zealand.  That is all that is required under the doctrine of <u>forum</u> <u>non</u> <u>conveniens</u> for New Zealand to be deemed an adequate forum.

**B. Convenience and Judicial Economy**

The Court proceeds to consideration of the private and public interests implicated by the case and its possible transfer.

### i. Private Interests

The primary inquiry under the private interest analysis is the convenience of the parties and access to witnesses and evidence.  Pavlovich contends that the case has only three key witnesses: Palmer, Gaiman and herself, none of whom currently resides in New Zealand.  That argument ignores the fundamental fact that Gaiman and Palmer have both agreed to submit to the jurisdiction of New Zealand.  The Court will not ignore that reality and exercise jurisdiction over parties in a civil case who would clearly be inconvenienced thereby and would prefer to proceed in New Zealand.

As for plaintiff's convenience, although the flight from the United Kingdom to New Zealand is prodigious, the flight to

9

Massachusetts is hardly convenient.  In either case, Pavlovich will need to fly thousands of miles overseas, and the closer proximity of Massachusetts does not outweigh the other factors in favor of dismissal.

Pavlovich takes issue with Palmer's claim that all relevant witnesses and evidence are in New Zealand, noting that Palmer has not identified any specific testimony that would be proffered in New Zealand.  The same can, however, be said of Pavlovich who has not identified any potential witness in Massachusetts other than Palmer.  Furthermore, Palmer has made it clear that she is amenable to jurisdiction in New Zealand.

Finally, Pavlovich claims that dismissal of her case would make it more difficult to coordinate this case with the one against Gaiman, which has been filed in the Western District of Wisconsin.  That argument is now moot because the case against Gaiman was dismissed for forum non conveniens in October, 2025.

In sum, the private interests tilt in favor of dismissal.

### ii. Public Interests

The public interest analysis, as briefed by the parties, depends upon which forum has a stronger interest in adjudicating the dispute.  Notwithstanding the fact that all relevant conduct occurred in New Zealand, Pavlovich asserts that the United

States has a strong interest in hearing the case.  The only support she offers for her contention is that, under the TVPA, American courts have extraterritorial jurisdiction over any offense identified in certain criminal laws prohibiting trafficking, and victims of those criminal laws may bring civil actions against the perpetrators to recover damages.  Pavlovich suggests that because the criminal actions 1) have extraterritorial application and 2) allow victims to pursue civil claims, a civil action brought by a victim has extraterritorial application as well.

The problem with that reasoning is that the TVPA civil remedy does <u>not</u> apply extraterritorially, and Supreme Court precedent indicates that, in the absence of any statutory language authorizing extraterritorial application, such a civil remedy is limited to domestic application. <u>RJR Nabisco</u> v. <u>Eur. Cmty.</u>, 579 U.S. 325 (2016) (holding that RICO's civil remedies provision lacks extraterritorial application, notwithstanding the extraterritorial reach of the underlying criminal provisions).

The First Circuit has not considered whether the civil remedy provision applies extra-territorially and other appeals courts have differed in their holdings.  Given such uncertainty,

11

this Court is disinclined to find that Pavlovich's civil claim has extraterritorial application. Even assuming, arguendo, that the TVPA civil remedy provision applies outside the United States, there is no caselaw support for the proposition that it is relevant to a forum non conveniens inquiry.

Having disposed of the TVPA issue, it is clear to the Court that New Zealand has a greater interest in deciding this case. Plaintiff is a citizen of New Zealand, all the underlying conduct took place in New Zealand and defendant was a lawful resident of New Zealand during the relevant time period. Common sense dictates that New Zealand is the more interested forum. As United States District Judge James D. Peterson (W.D. Wis.) observed when dismissing Pavlovich's case against Gaiman,

> [Massachusetts] jurors would be scratching their heads about how and why they were being asked to decide a dispute regarding such far away events that have nothing to do with them.

12

## ORDER

For the foregoing reasons, the motion to dismiss for <u>forum</u> <u>non conveniens</u> is **ALLOWED**.

**So ordered.**

Nathaniel M. Gorton

Nathaniel M. Gorton
Senior United States District Judge

Dated: February 6 , 2026

13

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  | Civil Action |
|---|---|
| _____Plaintiff_____ | No: 1:25-cv-10263-NMG |

Imer Payes Gonzalez

v.

_____Defendant_____

Amanda Palmer

## ORDER OF DISMISSAL

GORTON, D.J.

    In accordance with the Courts Order entered on February 6, 2026, it is hereby ORDERED that the above-entitled action be and hereby is dismissed.

By the Court,

       /s/ Nicole Cowan
Docket Clerk

February 6, 2026

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **SCARLETT PAVLOVICH** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.** |
| | § | **25-10263-NMG** |
| | § | |
| **AMANDA PALMER** | § | |
| **Defendant.** | § | |

**NOTICE OF APPEAL**

Scarlett Pavlovich, plaintiff the above-captioned action, hereby gives notice of appeal to the United States Court of Appeals for the First Circuit from the memorandum opinion and order of dismissal signed by this honorable Court on February 6, 2026 (ECF 32 and 33), said order of dismissal being final and finally disposing of all claims before this Court and therefore appealable.

Date: February 11, 2026                              Respectfully submitted,


                                                     /s/ Lane Haygood
                                                     Lane A. Haygood
                                                     Appearing *pro hac vice*
                                                     KAMERMAN, UNCYK, SONIKER &
                                                     KLEIN, PC
                                                     1700 Broadway, 16th Floor
                                                     New York, NY 10019
                                                     lhaygood@kusklaw.com
                                                     Counsel for Scarlett Pavlovich on appeal

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice of Appeal was served on all counsel of record, including lead counsel for Defendant Daniel N. Marx, via electronic filing through the District Court's CM/ECF system on February 11, 2026.


/s/ Lane Haygood
**Lane A. Haygood**