**UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

**No. 26-1151**

**SCARLETT PAVLOVICH,**

*Plaintiff-Appellant,*

v.

**AMANDA PALMER,**
*Defendant-Appellee.*

**APPELLANT'S RESPONSE**
**IN PARTIAL OPPOSITION TO MOTION FOR EXTENSION OF TIME**

Plaintiff-Appellant Scarlett Pavlovich ("Pavlovich") respectfully opposes the motion of Defendant-Appellee Amanda Palmer ("Palmer") for a 60-day extension of time to file her brief. As a matter of professional courtesy, Pavolovich's counsel offered to agree to a two-week extension, but Palmer's counsel refused. Ms. Pavlovich respectfully suggests that the requested extension is unwarranted.

The chronology of Palmer's Motion fails to disclose that Pavlovich filed her brief on March 30, 2026. On April 13, 2026, the Clerk advised that this brief was not in compliance with the Rules because it included an Addendum that was mis-titled as an Appendix and lacked a table of contents and that also failed to include the District Court's Final Order of Dismissal. The Clerk ordered that a fully compliant brief be filed by April 20, 2026.

Pavlovich filed what she believed was a fully compliant brief and a separate Appendix prior to that deadline, on April 16, 2026. However, on April 27, 2026, the Clerk advised that the cover page of that brief contained the incorrect case number (the originally filed brief showed the correct case number) and ordered Ms. Pavlovich to correct this error by May 4, 2026. The very

1

next day, Ms. Pavlovich re-filed the same brief that she had filed on March 30 and April 16, 2026, with the correct case number.

There have been no substantive changes to Ms. Pavlovich's brief since it was originally filed on March 30, 2026.  Pavlovich recognizes the importance of technical compliance with the Court's rules and regrets the technical errors, which she corrected immediately upon receiving the Clerk's notices.  However, at this point, Ms. Palmer has had Ms. Pavlovich's opening brief for more than a month and will have had it for two months by the current deadline for Ms. Palmer's brief on May 28, 2026.  The technical issues with Ms. Pavlovich's brief have in no way interfered with Palmer's ability to prepare a timely responsive brief during that extended period, which is double the period contemplated by Fed. R. App. P. 31(a)(1).

First Circuit Rule 26.0(b) provides that the court may extend the time to file a brief "for good cause."  Ms. Palmer suggests that a 60-day extension is warranted due to the need to "analyze Ms. Pavlovich's brief, to confer with Ms. Palmer, and to draft her brief" given her counsel's busy trial schedule beginning on May 11.

According to Ms. Palmer's counsel and the District Court's docket, the jury trial in *United States v. Humad*, No. 1:21-cr-10256-IT[1] will run from May 11-29, 2026.  The jury trial in *United States v.Sadeghi*, No. 1:24-cr-10391-IT (D. Mass.), will not begin until 24 days later, on June 22, 2026.  Especially considering that Ms. Palmer has already had more than 30 days to "analyze, confer, and draft" her responsive brief in this case, Ms. Pavlovich submits that a two-week extension through June 11, 2026, is appropriate and as a matter of professional courtesy Ms. Pavlovich does not object to such an extension.  A longer extension is both unwarranted and will interfere with Ms. Pavlovich's substantial interest in the prompt resolution of this appeal.

---

[1] Ms. Palmer's Motion has a typographical error in the case number, substituting -cv- for -cr-.

**THEREFORE** Ms. Pavlovich respectfully requests that this Court deny the motion for a 60-day extension of time but grant a more limited extension of no more than two weeks.

Respectfully submitted,

**SCARLETT PAVLOVICH**

By her attorney.

*/s/ Lane Haygood*
Lane A. Haygood (#1222283)
KAMERMAN, UNCYK, SONIKER & KLEIN, PC
1700 Broadway, 16th Floor
New York, New York 10019
(646) 845-6085
lhaygood@kusklaw.com

Dated: May 1, 2026

## CERTIFICATE OF SERVICE

I, Lane A. Haygood, as counsel for Plaintiff-Appellant Scarlett Pavlovich, certify that on May 1, 2026, this document was filed with the Court's CM/ECF system and will be served electronically upon counsel for Defendant-Appellee Amanda Palmer

*/s/ Lane Haygood*
Lane A. Haygood

3